IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| Etta Calhoun, Sherry Porter, and Cynthia Gray, on behalf of themselves and all other persons similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>Invention Submission Corporation d/b/a InventHelp, Technosystems Consolidated Corp., Technosystems Service Corp., Western Invention Submission Corp., Universal Payment Corporation, Intromark Incorporated, Robert J. Susa, Thomas Frost, P.A., Thomas Frost, John Doe Companies 1-10, John Doe Individuals 1-10,<br><br>    Defendants | No. 2:18-cv-01022 |
| Carla Austin and Nil Leone, individually and on behalf of all others similarly situated,<br><br>    Plaintiffs,<br><br>  v.<br><br>Invention Submission Corp. d/b/a InventHelp,<br>Western Invention Submission Corp. d/b/a Western InventHelp, Intromark Incorporated, and Technosystems Service Corporation,<br><br>    Defendants. | No. 2:19-CV-01396 |

| | |
|---|---|
| Geta Miclaus and Vim and Kevin Byrne, on behalf of themselves and all other persons similarly situated,<br><br>            Plaintiffs,<br>   v.<br><br>Invention Submission Corporation d/b/a InventHelp, Technosystems Consolidated Corp., Technosystems Service Corp., Western Invention Submission Corp. d/b/a Western InventHelp, Universal Payment Corporation, Intromark Incorporated, Robert J. Susa, Thomas Frost, P.A., Thomas Frost, John Doe Companies 1-10, John Doe Individuals 1-10,<br><br>            Defendants. | No. 2:20-cv-681 |

## ORDER GRANTING PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, PROVISIONALLY CERTIFYING SETTLEMENT CLASS, DIRECTING NOTICE TO THE SETTLEMENT CLASS, AND SCHEDULING FINAL APPROVAL HEARING

WHEREAS, Plaintiffs and proposed Class Representatives Cynthia Gray, Vim and Kevin Byrne, Geta Miclaus, Carla Austin, and Nil Leone ("Plaintiffs"); Defendants Invention Submission Corporation d/b/a InventHelp, Western Invention Submission Corporation d/b/a Western InventHelp, Technosystems Service Corporation, Technosystems Consolidated Corporation, Universal Payment Corporation, Intromark Incorporated, and Robert Susa (the "InventHelp Defendants"); and Defendants Thomas Frost, P.A. and Thomas Frost (the "Frost Defendants") (the InventHelp Defendants and Frost Defendants are together referenced herein as the "Defendants") have entered into a Settlement Agreement which, together with the Exhibits annexed thereto ("Settlement" or "Settlement Agreement"), sets forth the terms and conditions for a proposed class

2

action settlement of the above-captioned matters (the "Litigation") and for the Litigation's dismissal with prejudice upon the terms and conditions set forth therein;

WHEREAS, Plaintiffs and Defendants are collectively referred to as the "Parties";

WHEREAS, the Settlement is the product of informed, arm's-length negotiations over an extended period of time, and was achieved only after numerous mediation sessions and conferences, including two full-day sessions overseen by an experienced mediator, the Hon. Diane Welsh (Ret.) of JAMS, a former U.S. Magistrate Judge, and, more recently, another full day session overseen by the Court-assigned mediator, the Hon. Lisa Pupo Lenihan, a current U.S. Magistrate Judge, who also oversaw the negotiations between the Parties that followed that mediation session;

WHEREAS, at the time the Parties entered into the Settlement Agreement, they had litigated motions to dismiss and discovery-related motions and taken substantial discovery on the merits of the claims and defenses, including the production and review of thousands of pages of documents, analysis of Defendants' sales practices, services, and pricing, non-party discovery, retention of experts, and analysis of evidence relevant to class certification issues;

WHEREAS, Plaintiffs filed a Motion for Preliminary Approval of Class Action Settlement (the "Motion") seeking an order: (i) preliminarily approving the Settlement Agreement; (ii) conditionally certifying the Settlement Class defined below for settlement purposes only; (iii) reaffirming Shanon J. Carson and Peter R. Kahana of Berger Montague PC as Lead Class Counsel; (iv) approving the proposed Notice of Settlement and the Notice Plan; (v) appointing the Settlement Administrator; (vi) establishing deadlines and requirements for the submission of Objections to the Settlement; (vii) establishing deadlines and requirements for the

submission of Opt-Outs; (viii) establishing the Claim Period and approving the Claim Form and Claim Process; (ix) establishing a date for the Final Approval Hearing; and (x) preliminarily enjoining Settlement Class Members who do not file complete and valid Opt-Out Requests by the Objection and Opt-Out Deadline from filing suit or asserting any claims, demands, and/or counterclaims with respect to matters released in the Settlement Agreement.

WHEREAS, Defendants do not oppose Plaintiffs' Motion;

WHEREAS, the Court is familiar with and has reviewed the record, the Settlement Agreement, Plaintiffs' Motion for Preliminary Approval of Class Action Settlement, and all supporting documents, and has found good cause for entering this Order;

WHEREAS, unless otherwise specified, all capitalized terms used herein have the same meanings as set forth in the Settlement Agreement;

NOW THEREFORE, it is hereby ORDERED and ADJUDGED as follows:

I. **PROVISIONAL CERTIFICATION OF THE SETTLEMENT CLASS**

1. The Court preliminarily concludes, for purposes of the Settlement only, that the requirements of Federal Rules of Civil Procedure 23(a) and (b)(3) are likely to be satisfied for the Settlement Class defined below. In support thereof, the Court provisionally finds as follows:

a. The number of Settlement Class Members is too numerous for joinder to be practicable as thousands of Settlement Class Members purchased the services at issue.

b. There are questions of law and fact common to the Settlement Class which predominate over individualized questions for settlement purposes, including, without limitation, whether Defendants violated the American Inventors Protection Act, 35 U.S.C. § 297(b), and engaged in a breach of contract, and whether Settlement Class members sustained harm from

4

Defendants' conduct.

   c. Plaintiffs' claims are typical of the claims of the Settlement Class Members they seek to represent for purposes of the Settlement.

   d. Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class and will continue to do so.

   e. A class action provides a fair and efficient method for settling the controversy under the criteria set forth in Rule 23 of the Federal Rules of Civil Procedure.

   f. The Court also concludes that, because the Litigation is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be presented by the trial of a class action involving the issues in the Litigation.

   2. For the foregoing reasons, pursuant to Federal Rules of Civil Procedure 23(a) and (b)(3), the Court hereby provisionally certifies the following Settlement Class for settlement purposes only:

> All United States residents who purchased services from any of the InventHelp Defendants during the time period from January 1, 2014 to June 30, 2021.

   3. Plaintiffs Cynthia Gray, Vim and Kevin Byrne, Geta Miclaus, Carla Austin, and Nil Leone are appointed as Class Representatives, and Shanon J. Carson and Peter Kahana of Berger Montague PC are reaffirmed as Lead Class Counsel.

## II. PRELIMINARY APPROVAL OF THE SETTLEMENT

   4. The Court finds that the Settlement is the product of non-collusive arm's-length negotiations between experienced counsel who were well informed of the strengths and weaknesses of the Litigation, including through discovery and motion practice, and whose

5

settlement negotiations included mediation sessions supervised by Hon. Diane Welsh (Ret.) of JAMS, and thereafter, U.S. Magistrate Judge Lisa Pupo Lenihan.

5.     The Settlement confers substantial benefits upon the Settlement Class and avoids the costs, uncertainty, delays, and other risks associated with continued litigation, trial, and/or appeal. The consideration provided to the Settlement Class under the Settlement falls within the range of possible recovery and compares favorably with the potential recovery when balanced against the risks of continued litigation. The Settlement provides the Class with valuable and timely settlement benefits, as well as credit repair assistance as stated in the Settlement Agreement, and modifications to InventHelp's customer service and invention promotion processes going forward.

6.     The Court thus preliminarily approves the Parties' Settlement Agreement as fair, reasonable, and adequate, and in the best interest of Plaintiffs and the Settlement Class subject to further consideration at the Final Approval Hearing to be conducted as described below.

III.   **APPOINTMENT OF THE SETTLEMENT ADMINISTRATOR AND APPROVAL OF NOTICE PLAN**

7.     The Court approves the Parties' proposed Notice of Class Action Settlement, substantially in the form of Exhibit A to the Settlement Agreement, and proposed Claim Form, substantially in the form of Exhibit B to the Settlement Agreement. The proposed Notice Plan set forth in the Settlement Agreement will provide the best notice practicable under the circumstances. The Notice Plan and the proposed Notice of Class Action Settlement are reasonably calculated to apprise Settlement Class Members of the pendency of the Litigation, the effect of the proposed Settlement, including on the Released Claims as defined in the Settlement

Agreement, the anticipated motion for attorneys' fees and expenses, as well as service awards for the Class Representatives, and their rights to participate in, opt out of, or object to any aspect of the proposed Settlement. Further, the Notice Plan constitutes due, adequate and sufficient notice to Settlement Class Members; and satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure, due process, and all other applicable laws and rules.

8. The date and time of the Final Approval Hearing as set forth below shall be included in the Notice of Class Action Settlement before dissemination and on the Settlement Website.

9. The Court hereby appoints Angeion Group, LLC to serve as the Settlement Administrator to supervise and administer the Notice Plan, establish and operate the Settlement Website and a toll-free number, administer the claims process, determine the eligibility of claims, distribute cash payments according to the processes and criteria set forth in the Settlement Agreement, and perform any other duties of the Settlement Administrator that are reasonably necessary or provided for in the Settlement Agreement.

10. The Settlement Administrator's reasonable expenses shall be paid as set forth in the Settlement Agreement (and consistent with the detailed estimate and not-to-exceed cost submitted with Plaintiffs' Motion). In the event the Settlement is not granted final approval by the Court or otherwise fails to become effective, the Settlement Administrator shall not be obligated to repay amounts received, or forego amounts owed, for notice and settlement administration.

11. Within five (5) business days after entry of this Order, the InventHelp Defendants will provide the Settlement Administrator with a confidential spreadsheet that identifies all

individuals in the Settlement Class by name, last known address, last known email address (if available), and last known telephone number (if available).

12.     Within twenty-one (21) days after entry of this Order (the "Notice Date"), the Settlement Administrator shall distribute the Notice of Class Action Settlement and Claim Form attached as Exhibits A and B to the Settlement Agreement, respectively (updated to reflect the issuance of this Order and the deadlines noted herein), to the Settlement Class.

13.     Within fourteen (14) days after the Preliminary Approval Order, the Settlement Administrator shall establish the Settlement Website and post the Notice of Settlement thereon, and establish the toll-free telephone number, as set forth in the Settlement Agreement.

## IV.     DEADLINES FOR SETTLEMENT CLASS MEMBERS TO SUBMIT CLAIM FORMS, OPT-OUT, OR OBJECT

14.     Settlement Class Members who wish to seek relief pursuant to the Settlement, and who are not entitled to direct relief without submitting a Claim Form, shall complete and submit a Claim Form in accordance with the instructions contained therein. All Claim Forms must be postmarked (if sent by any form of U.S. Mail or hard copy delivery) or submitted electronically within the Claim Period as defined in the Settlement Agreement for Settlement Class Members to receive relief under the Settlement.

15.     Any Opt-Out Requests or Objections by Settlement Class Members must be postmarked within 60 days of the Notice Date (the "Objection and Opt-Out Deadline") and comply with all other applicable requirements set forth in the Settlement Agreement.

## V.     THE FINAL APPROVAL HEARING

16.     The Court will hold a Final Approval Hearing on Tuesday, December 20, 2022 at

9:30 a.m. at the Joseph F. Weis, Jr. U.S. Courthouse, Courtroom 9A, 700 Grant Street, Pittsburgh, PA 15219, for the following purposes: (i) to finally determine whether the Settlement Class satisfies the requirements for certification for settlement purposes under Federal Rules of Civil Procedure 23(a) and 23(b)(3); (ii) to determine whether the Settlement should be finally approved as fair, reasonable, adequate and in the best interests of the Settlement Class; (iii) to consider Class Counsel's application for an award of attorneys' fees and expenses, and for service awards to the Class Representatives; and (iv) to consider any other matters that may properly be brought before the Court in connection with the Settlement.

17.     Class Counsel's motion for attorneys' fees, expenses, and service awards shall be filed no later than three weeks prior to the Objection and Opt-Out Deadline. Lead Class Counsel's Motion for Final Approval of Class Action Settlement shall be filed no later than three weeks prior to the Final Approval Hearing.

## VI.     OBJECTIONS AND APPEARANCES AT THE FINAL APPROVAL HEARING

18.     Any member of the Settlement Class who submits an Objection by the Objection and Opt-Out Deadline may appear at the Final Approval Hearing and offer cause why any aspect of the proposed Settlement should or should not be approved as fair, reasonable, and adequate. No person shall be heard or entitled to contest the approval of the Settlement unless that person submits a timely Objection following the procedures in the Settlement Agreement.

19.     Any Settlement Class Member who does not submit their Objection by the Objection and Opt-Out Deadline shall be deemed to have waived such Objection and shall forever be barred from making any objection to the fairness, reasonableness, or adequacy of the proposed Settlement.

20.     Attendance at the Final Approval Hearing is not necessary, but persons wishing to be heard orally must indicate their intention to appear at the hearing in their Objection. By objecting or otherwise requesting to be heard at the Final Approval Hearing, a Settlement Class Member shall be deemed to have submitted to the jurisdiction of the Court with respect to the Objection and the subject matter of the Settlement, including but not limited to enforcement of its terms.

21.     To be considered by the Court, the basis of an Objection must be stated in detail and must specify the particular aspect(s) of the Settlement being challenged and the reason(s), if any, for the Objection, including any evidence and legal authority that the Settlement Class Member wishes to bring to the Court's attention. Additionally, any Objection must clearly contain: (i) the objecting Settlement Class Member's printed name, address, telephone number, and email address; (ii) the case name and number (found on the Notice); (iii) evidence that the objector is a Settlement Class Member; (iv) any supporting papers, materials, or briefs that the Settlement Class Member wishes the Court to consider when reviewing the objection; (v) the actual written signature of the Settlement Class Member making the objection; and (vi) a statement whether the objecting Settlement Class Member and/or his or her counsel intend to appear at the Final Approval Hearing. A Settlement Class Member may object on his or her own behalf or through an attorney; provided, however, that even if represented, the objector must individually sign the Objection and all attorneys who are involved in any way in asserting the Objection must be listed on the Objection, must file a notice of appearance with the Court, and must disclose all cases in which they have filed an objection by caption, court and case number, and for each case, the disposition of the objection.

**VII.     EXCLUSION FROM THE SETTLEMENT CLASS**

22.     Any member of the Settlement Class may opt-out of, *i.e.*, request exclusion from, the Settlement, though Opt-Out Requests must be postmarked by the Objection and Opt-Out Deadline. Any person who would otherwise be a member of the Settlement Class who wishes to be excluded from the Settlement Class must mail the Settlement Administrator a written request to opt out, stating, "I wish to exclude myself from the Settlement Class in the InventHelp Class Action Settlement and understand that by submitting this request, I will not be entitled to any payments or other relief under the Settlement" (or substantially similar clear and unambiguous language). The written request shall contain the Settlement Class Member's printed full name, actual written signature, current address, telephone number, and email address.

23.     Settlement Class Members who submit valid and timely Opt-Out Requests shall have no rights under the Settlement Agreement, shall not share in the relief provided by the Settlement, and shall not be bound by the Settlement Agreement or any Final Approval Order and Judgment in this Litigation.

24.     Any member of the Settlement Class who does not notify the Settlement Administrator of their intent to be excluded from the Settlement Class in the manner set forth in the Settlement Agreement shall be deemed to have waived their right to be excluded from the Settlement Class. If the Court approves the Settlement, any such person shall forever be barred from requesting exclusion from the Settlement Class in this or any other proceeding and shall be bound by the Settlement and the Final Approval Order and Judgment (if granted), including the release of the Released Claims provided for in the Settlement Agreement.

25.     Opt-Out Requests cannot be made on a group or class basis.

## VIII. TERMINATION OF THE SETTLEMENT

26. If the Settlement fails to become effective in accordance with its terms, or if the Final Approval Order and Judgment is not entered or is reversed or vacated on appeal, the Parties shall reserve their rights, including the right to continue with the Litigation and all claims and defenses pending at the time of the Settlement, including with regard to any effort to certify a litigation class. All of the following also shall apply:

   a. All orders and findings entered in connection with the Settlement Agreement shall become null and void and have no force and effect whatsoever, shall not be used or referred to for any purposes whatsoever, and shall not be admissible or discoverable in this or any other proceeding.

   b. The provisional certification of the Settlement Class pursuant to this Preliminary Approval Order shall automatically be vacated and the Litigation shall proceed as though the Settlement Class had never been certified and such findings had never been made.

   c. Nothing contained in this Preliminary Approval Order is to be construed as a presumption, concession, or admission by or against Defendants or Plaintiffs of any default, liability, or wrongdoing as to any facts or claims alleged or asserted in the action, or in any actions or proceedings, whether civil, criminal, or administrative, including, but not limited to, factual or legal matters relating to any effort to certify the action as a class action.

   d. Nothing in this Preliminary Approval Order or pertaining to the Settlement Agreement, including any of the documents or statements generated or received pursuant to the claims administration process, shall be used as evidence in any further proceeding in this case or any other litigation or proceeding, including, but not limited to, motions or proceedings seeking treatment of the action as a class action.

   e. The Court's prior orders having nothing to do with Settlement Class certification shall, subject to this Preliminary Approval Order, remain in force and effect.

## IX. RESERVATION OF JURISDICTION

27. The Court retains exclusive jurisdiction over the Litigation to consider all further

matters arising out of or connected with the Settlement and may extend any deadlines ordered herein without further notice, though notice of the Final Approval Hearing date shall be posted on the Settlement Website.  Pending final approval of the Settlement, Plaintiffs, all other Settlement Class Members, and each of them, and anyone who acts or purports to act on their behalf, are hereby preliminarily enjoined from instituting, commencing, or prosecuting any action, claim, demand, and/or counterclaim with respect to matters arising from the Released Claims against any Released Party in any court or tribunal, unless they submit a timely and valid Opt-Out Request to the Settlement Administrator. Pursuant to 28 U.S.C. § 1651(a), the Court finds that issuance of this preliminary injunction is necessary and appropriate in aid of the Court's continuing jurisdiction and authority over this action.

28.     Pending further order of the Court, all litigation activity and events, except those contemplated by this Order or in the Settlement Agreement, are hereby STAYED, and all hearings, deadlines, and other proceedings in the Litigation, except the Final Approval Hearing and the matters set forth in this Order, are VACATED.

**SO ORDERED** this 24th day of August 2022.

Patricia L. Dodge
United States Magistrate Judge