IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| ETTA CALHOUN, SHERRY PORTER and CYNTHIA GRAY, individually and on behalf of a class of all persons and entities similarly situated, <br><br> Plaintiffs, <br><br> vs. <br><br> INVENTION SUBMISSION CORPORATION d/b/a INVENTHELP, TECHNOSYSTEMBS CONSOLIDATED CORP., TECHNOSYSTEMS SERVICE CORP., WESTERN INVENTION SUBMISSION CORP., UNIVERSAL PAYMENT CORPORATION, INTROMARK INC., ROBERT J. SUSA, THOMAS FROST and THOMAS FROST, P.A., <br><br> Defendants. <br><br> This Order Also Relates To: <br> Carla Austin, et al. v. Invention Submission Corporation, et al., No. 2:19-cv-01396 <br> and <br> Geta Miclaus, et al. v. Invention Submission Corporation, et al., No. 2:20-cv-681 | Civil Action No. 18-1022 |

ORDER GRANTING FINAL APPROVAL OF
CLASS ACTION SETTLEMENT AND DISMISSAL

And now, this 8th day of March 2023, for the reasons indicated in the Memorandum Opinion filed on this date, it is hereby ORDERED as follows:

This Final Judgment and Order Granting Final Approval of Class Action Settlement and Dismissal ("Final Approval Order") hereby incorporates by reference the definitions set forth in the Settlement Agreement, and all terms used herein shall have the same meanings as set forth in the Settlement Agreement.

This Court has jurisdiction to enter this Final Approval Order. The Court has jurisdiction over the subject matter of the Litigation and all Parties to the Litigation, including all Settlement Class Members ("Class Members" or "Settlement Class").

For purposes of settlement only, the Court finds that the prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and 23(b)(3) have been satisfied in that: (a) the number of Class Members (53,223) is so numerous that joinder of all members is impracticable; (b) there are questions of law and fact common to the Settlement Class; (c) the claims of Plaintiffs are typical of the claims of the Class Members they seek to represent; (d) Plaintiffs and Class Counsel have fairly and adequately represented the interests of the Settlement Class at all times; (e) the questions of law and fact common to the Settlement Class predominate over any questions affecting only individual Class Members; and (f) a class action is superior to other available methods for the fair and efficient adjudication and resolution of the controversy. The Court also concludes that because the Litigation is being settled rather than litigated, the Court need not consider manageability issues that might otherwise be considered by the trial of a class action.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court finally certifies this Litigation as a class action for purposes of settlement on behalf of the Settlement Class that was provisionally certified by the Court in its Preliminary Approval Order:

> All United States residents who purchased services from any of the InventHelp Defendants during the time period from January 1, 2014 to June 30, 2021.

Excluded from the Settlement Class are (a) the Judge to whom this matter has been assigned and any member of the Judge's immediate family; (b) mediator Hon. Diane Welsh (Ret.) of JAMS and U.S. Magistrate Judge Pupo Lenihan, and any member of their respective immediate families; and (c) the Class Members who timely requested exclusion from the Settlement Class as

set forth in Exhibit D to the Declaration of Kevin Tran on Behalf of Angeion Group, LLC Regarding Implementation of the Notice Plan and Settlement Administration ("Tran Declaration"), filed in this matter.

The Court reaffirms the appointment of Shanon Carson and Peter Kahana of Berger Montague as Lead Class Counsel for the Settlement Class, and of Plaintiffs Cynthia Gray, Vim and Kevin Byrne, Geta Miclaus, Carla Austin, and Nil Leone as the Class Representatives.

In accordance with the Settlement Agreement, the Preliminary Approval Order, and the Court's Stipulated Order dated October 17, 2022, amending the Court's Preliminary Approval Order, the Court finds that based upon the Tran Declaration, notice of the Settlement was provided to all Class Members who could be identified with reasonable effort. The form and method of notifying the Settlement Class of the pendency of the Litigation as a class action and of the terms and conditions of the Settlement met the requirements of due process and Rule 23 of the Federal Rules of Civil Procedure, constituted the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons and entities entitled thereto.[1]

The Settlement Class Members (excluding those who timely excluded themselves as set forth in Exhibit D to the Tran Declaration and Exhibits 1-45 of the Supplemental Tran Declaration), are bound by this Final Approval Order and permanently enjoined under applicable law, including, without limitation, the All Writs Act, 28 U.S.C. § 1651, the Anti-Injunction Act, 28 U.S.C. § 2283, and Federal Rule of Civil Procedure 65, from: (a) filing, commencing, asserting, prosecuting, maintaining, pursuing, continuing, intervening in, participating in, or receiving any

---

[1] Since execution of the Settlement Agreement, the Parties identified minor changes to the language of Section 1542 of the California Civil Code, though the provision remains substantively the same. The Notice provided to the Settlement Class contained the most current language of Section 1542 of the California Civil Code and, by this Order, such language is incorporated into the release language contained within the Settlement Agreement.

benefits from, any lawsuit, arbitration, or administrative, regulatory, or other proceeding or order in any jurisdiction based upon or asserting any of the Released Claims against any Released Party or Parties; (b) bringing a class action on behalf of Plaintiffs or the Class Members, seeking to certify a class that includes Plaintiffs or Class Members, or continuing to prosecute or participate in any previously filed and/or certified class action, and/or in any lawsuit based upon or asserting any of the Released Claims. Pursuant to 28 U.S.C. §§ 1651(a) and 2283, the Court finds that issuance of this permanent injunction is necessary and appropriate in aid of its continuing jurisdiction and authority over the Settlement Agreement and the Litigation. Excepted from this permanent injunction are claims related to disputes or enforcement pertaining to the Settlement Agreement.

Pursuant to Rule 23 of the Federal Rules of Civil Procedure, the Court hereby grants final approval of the Settlement Agreement and finds that it is fair, reasonable, and adequate, and in the best interests of the Settlement Class. The Court further finds that the Settlement is the result of arm's-length negotiations between experienced counsel representing the interests of the Parties and was achieved only after multiple mediation sessions before experienced mediators, first the Hon. Diane Welsh (Ret.) of JAMS, a former U.S. Magistrate Judge and, more recently, U.S. Magistrate Judge Lisa Pupo Lenihan.

All of the objections to the Settlement that were presented to the Court have been carefully considered and are overruled. These objections include those that are set forth in Exhibit E to the Tran Declaration and Exhibits 46-71 of the Supplemental Tran Declaration as well as those that were directly filed with the Court.

The Court finds that Defendants, through the Settlement Administrator, provided notice of the Settlement to the appropriate state and federal government officials pursuant to 28 U.S.C.

§ 1715. The requisite ninety (90) day period for such officials to comment or object to the Settlement has since passed, and no comments or objections were received.

Accordingly, the Settlement Agreement is approved in all respects and shall be consummated pursuant to its terms.

The operative complaints in the Litigation are hereby each dismissed with prejudice on the merits and with each party to bear their own costs, except as provided in the Settlement Agreement.

Neither the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, nor any of the documents or statements referred to therein, shall be:

a. offered by any Person or received against Defendants or any Released Party as evidence, or construed or deemed as evidence, of any presumption, concession, or admission by Defendants or any Released Party of the truth of the facts alleged by Plaintiffs or any Settlement Class Member or the validity of any claim that has been or could have been asserted in this Litigation or in any litigation, or other judicial or administrative proceeding, or the deficiency of any defense that has been or could have been asserted in this Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of Defendants or any Released Party;

b. offered by any Person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission of fault, misrepresentation, or omission with respect to any statement or written document approved or made by Defendants or any Released Party or any other wrongdoing by Defendants or any Released Party; or

c. offered by any Person or received against Defendants or any Released Party as evidence of a presumption, concession, or admission with respect to any default, liability, negligence, fault, or wrongdoing, or in any way interpreted, construed, deemed, invoked, offered, received in

5

evidence, or referred to for any other reason against any of the settling parties, in any civil, criminal, or administrative action or proceeding; provided, however, that nothing contained herein shall prevent the Settlement Agreement (or any agreement or order relating thereto) from being used, offered, or received in evidence in any proceeding to approve, enforce, or otherwise effectuate the Settlement (or any agreement or order relating thereto), or the Final Approval Order, or in which the reasonableness, fairness, or good faith of the Parties in participating in the Settlement (or any agreement or order relating thereto) is an issue, or to enforce or effectuate provisions of the Settlement, the Final Approval Order, or the Release as to Defendants, the Released Parties, Plaintiffs, or the Settlement Class Members.

The plan of distribution and allocation set forth in the Settlement Agreement is approved. The Settlement Administrator shall promptly administer all claims pursuant to the terms and conditions of the Settlement Agreement. No Settlement Class Member shall have any claim against Plaintiffs, Plaintiffs' Counsel, Defendants, Defendants' Counsel, or the Settlement Administrator, based on the distributions made substantially in accordance with the Settlement Agreement.

The Court reserves jurisdiction over (a) the administration, implementation, and enforcement of the Settlement; (b) the allowance, disallowance, or adjustment of any Class Member's claim; and (c) any other matters related or ancillary to the foregoing.

Without further order of the Court, the Parties, by written agreement, may agree to reasonable extensions of time to carry out any of the provisions of the Settlement Agreement.

There is no just reason for delay in the entry of this Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

BY THE COURT:

/s/Patricia L. Dodge
PATRICIA L. DODGE
United States Magistrate Judge